HAMMOND et al. v. HOFFMAN et ux.
(No. 7297.)

(Court of Civil Appeals of Texas. Galveston. Jan. 25, 1917.)

1. JUDGMENT ☞459 — EQUITABLE RELIEF—INJUNCTION—FRAUD.

A petition alleging that a materialman represented to the property owners that he was seeking no lien in the action, and that he would give them time to pay any judgment he obtained, but that thereafter he obtained a judgment establishing and foreclosing a lien and bid in the property at the sale, which was not denied by defendant, is sufficient to authorize an injunction restraining defendant from dispossessing plaintiffs pending suit to set aside the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 872–878, 902, 903.]

2. INJUNCTION ☞143(1)—EX PARTE PROCEEDINGS—VALIDITY.

A temporary injunction against dispossessing plaintiffs pending a suit to set aside for fraud the judgment on which the property was sold can be issued upon an ex parte hearing.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315.]

3. INJUNCTION ☞31 — JURISDICTION OF COURT RENDERING JUDGMENT.

The court has jurisdiction upon a proper case made to enjoin in one case its own judgment rendered in another case.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 68.]

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by W. H. Hoffman and wife against M. F. Hammond and another to set aside a judgment. From an order granting a temporary injunction, the defendants appeal. Affirmed.

GRAVES, J. This was a suit filed by W. H. Hoffman and his wife, V. V. Hoffman, in the Eightieth district court of Harris county against M. F. Hammond, as sheriff of that county, and J. B. Collins, to set aside a judgment obtained in the same court prior to the filing of this suit, that is, in the fall of 1915, by the said J. B. Collins as plaintiff against the said W. H. Hoffman and V. V. Hoffman as defendants, in which foreclosure of a mechanic's and materialman's lien upon the homestead of said Hoffman had been awarded to said Collins for a $90 note he had against them. Said Hoffman and wife for cause of action in this suit for relief against the said former judgment, among other things, alleged, duly verified by affidavit: That plaintiffs owed said Collins a balance of $90 upon a plumbing contract for work done upon their home, which indebted-

ness he had sued upon in his said suit against them, and had therein fixed and foreclosed such mechanic's and materialman's lien against their said homestead, and that he had actually sold out and bought in said homestead under execution process obtained upon his said judgment—the sheriff having made deed of said property to him upon said sale—for the sum of $75. That prior to obtaining said judgment against them, the said Collins had told plaintiff Mrs. V. V. Hoffman, her husband being then ill and she being required to attend to their business, that he neither claimed nor would ask to establish or foreclose any lien against their said homestead in that suit. That no judgment fixing a lien upon their said homestead would be taken therein, and that if judgment for his debt in that suit were taken, he would give them ample time within which to pay off said debt, and would place said plumbing in first-class condition, remedying all leaks in joints and connections. That plaintiffs believed and relied upon said statements, and in consequence thereof made no defense to said suit against them, nor even employed an attorney therein, and did not know said lien had been established and foreclosed therein until said Collins attempted through said sheriff to actually dispossess them of their said homestead.

After setting up this cause of action, plaintiffs pleaded for injunction preventing their dispossession from said premises in any way by process or procedure growing out of said judgment against them, and that said judgment be set aside, and for general relief.

Their amended petition was filed March 24, 1916, on which date the judge of said court entered thereon the following order:

"The foregoing petition having been presented to me, the clerk will issue the injunction as herein prayed for upon plaintiffs' giving bond in the sum of one hundred dollars ($100.00), conditioned as prescribed by law."

From said order the defendants J. B. Collins and M. F. Hammond, as sheriff of said Harris county, have appealed to this court by filing their appeal bond in the trial court, and their transcript of said proceeding in this court within the 15 days allowed by law. There is no other record here than said transcript, which contains only the plaintiffs' amended petition, the court's order thereon, and said appeal bond, nor have any briefs for either party been filed here.

[1-3] If the allegations of plaintiffs' petition were true, and no answer was filed denying them, the trial court's injunction was properly issued. That it was upon ex parte hearing is no objection. S. W. S. Ins. Co. v. Ferguson, 131 S. W. 662. It is, of course, too well settled to require the citation of authorities that a court has jurisdiction, upon a proper case-made, to enjoin in one case its own judgment in another case.

In this state of the record, no reason is pre-

sented for disturbing the judgment and order of the trial court, and it will be in all things affirmed.

Affirmed.